**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES CATO, Jr., | No. 13-16225 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-01538-BAM |
| *v.* | |
| J. YALE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted March 10, 2014[***]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

James Cato, Jr., a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Cato consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violations in connection with the loss of his property. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Cato's retaliation claim because Cato failed to allege facts sufficient to show a causal link between his prior lawsuit and the alleged adverse action. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (prisoner must establish link between exercise of constitutional rights and allegedly retaliatory action).

The district court properly dismissed Cato's claim that defendant violated his right to receive mail because defendant acted pursuant to the district court's order in a prior lawsuit, requiring a determination as to whether exhibits in that case could be returned to Cato. *Cf. Witherow v. Paff*, 52 F.3d 264, 265 (inmates have a right to receive mail and prison regulations concerning incoming mail should be analyzed under *Turner v. Safley*, 482 U.S. 78, 93 (1987)).

The district court properly dismissed Cato's access-to-courts claim because Cato failed to allege facts sufficient to show that he suffered an actual injury as a result of defendant's conduct. *See Silva v. DiVittorio*, 658 F.3d 1090, 1102-04 (9th Cir. 2011) (requiring factual allegations showing actual injury in order to state a

First Amendment access-to-courts claim).

The district court properly dismissed Cato's claim that he was denied the right to appeal the decision concerning his mail before its destruction. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (inmates have no right to a particular grievance procedure); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070-71 (9th Cir. 2009) (violation of prison regulation does not amount to a constitutional violation).

The district court properly dismissed Cato's due process claim because Cato had an adequate post-deprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (no due process claim against a state employee for an unauthorized intentional deprivation of property where state law provides an adequate post-deprivation remedy); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations."). Moreover, to the extent that Cato attempted to allege a tort claim, he failed to establish compliance with the California Tort Claims Act. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (a plaintiff must allege compliance with California tort claim procedures in order to state a state law tort claim against a public employee).

**AFFIRMED.**

13-16225